(116 So. 803)

## MIMS v. STATE. (5 Div. 702.)

Court of Appeals of Alabama. May 8, 1928.

G. C. Walker, of Clanton, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

· Brief did not reach the Reporter.

BRICKEN, P. J. The two state witnesses were the officers who arrested this defendant and two others at a still which was in full operation with whisky running from the worm. The evidence of these witnesses tended to show that this appellant was engaged, with the others, in the operation of the still. This he denied, and insisted he was a mere spectator, and had no interest in the still nor any connection therewith. This conflicting evidence made a question for the jury to determine, and we note that during the entire trial the court allowed the defendant full latitude in presenting his defense. The trial proceeded throughout with but few exceptions to the court's rulings. None of these exceptions show error. The point principally relied upon was the exception reserved to the court's rulings in not allowing defendant to prove by his witness Benjamin Easterling that "he [witness] had pleaded guilty to the possession and ownership of that still." There was no error in this ruling for several reasons, but one is sufficient to mention. The

character of offense charged was susceptible of joint commission by two or more parties, and the fact that one of these parties had pleaded guilty, or had been convicted, would be no defense for this accused. The state's insistence was that the three men found at the still and arrested by the officers were all engaged in its operation. The result of the trials of the other parties could in no manner have properly affected the trial of this appellant as such trial was separate and distinct from the others. No motion for new trial was made, and no special charges requested. The exceptions reserved to the court's rulings are so manifestly without merit they need not be discussed. Let the judgment of conviction, from which this appeal was taken, stand affirmed.

Affirmed.